**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Brandon, et al.,         )<br>                                           )<br>            Plaintiffs,           )<br>                                           )<br>vs.                                    )<br>                                           )<br>Tom Liddy, et al.,             )<br>                                           )<br>            Defendants.       )<br>_____) | No. CV-12-788-PHX-FJM<br><br>**ORDER** |

**I**

Before the court is plaintiffs' motion to extend discovery deadline (doc. 91), and defendants' response (doc. 96). The parties' discovery deadline is July 12, 2013. See R16 Scheduling Order (doc. 48). On June 19, 2013, we granted plaintiffs' motion to compel disclosure of executive session meeting minutes (doc. 86). Plaintiffs now seek a 60-day extension of the discovery deadline, asserting that, "in light of the Court's recent order," they now need to conduct another 10 depositions. Motion at 2.

A Rule 16 schedule will be modified only for good cause shown. Fed. R. Civ. P. 16(b)(4). Discovery in this case has been proceeding for well over a year. Yet, the motion to compel was filed just one month before the discovery deadline. This discovery dispute should have been resolved well before the discovery deadline. Moreover, the motion to compel was granted on June 19, 2013, leaving plaintiffs 3 weeks before the deadline to

1 address the limited issues raised by the motion. Diligence is the hallmark of good cause.
2 Plaintiffs make no showing to explain their last minute discovery efforts. Nor do they give
3 any explanation why the order compelling disclosure of meeting minutes requires another
4 10 depositions and a 60-day extension.

5 Plaintiffs' motion for extension of the discovery deadline is denied for failure to show
6 good cause (doc. 91).

**II**

8 We also have before us defendants' motion to set aside order and request for *in*
9 *camera* review (doc. 92), and motion to seal exhibit B (doc. 93). Defendants assert that in
10 complying with our order compelling the disclosure of executive meeting minutes they
11 discovered that one minute entry that satisfies the court order is protected by the attorney-
12 client privilege.

13 We grant the request for *in camera* inspection (doc. 92). We deny, however, the
14 motion to set aside our order compelling disclosure (doc. 92) and we deny the motion to seal
15 exhibit B (doc. 93). Defendants state only that "the statement made in the executive session
16 was made by the MCBOS's attorney to the MCBOS." Motion at 2. The simple fact that a
17 lawyer made a statement to his client is insufficient to support a claim for attorney-client
18 privilege. There is no showing that the statement in question was made for the purpose of
19 providing legal advice. Rather, it appears as if the statement was made in the context of the
20 lawyer's role as a business advisor. Defendants have not satisfied their burden of
21 establishing the privileged nature of the statement. Defendants' motions to set aside order
22 to compel (doc. 92) and to seal exhibit B (doc. 93) are denied.

23 Although defendants include the October 4, 2010 meeting minutes in their lodged
24 sealed exhibit B, no argument is made, nor does our *in camera* review indicate, that these
25 minutes are privileged.

26 **IT IS ORDERED DENYING** plaintiffs' motion for extension of the discovery
27 deadline (doc. 91).

28 **IT IS ORDERED GRANTING** defendants' motion for *in camera* inspection (doc.

1  92), **DENYING** defendants' motion to set aside order compelling disclosure (doc. 92), and
2  **DENYING** defendants' motion to seal exhibit B (doc. 93).
3      DATED this 11th day of July, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge