**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Brandon et al, | No. CV 12-788-PHX-FJM |
| Plaintiffs, | No. CV 13-1148-PHX-GMS |
| vs. | **ORDER** |
| Tom Liddy et al, | |
| Defendants. | |
| _____ | |
| Maria Brandon et al, | |
| Plaintiffs, | |
| vs. | |
| Douglas Irish et al, | |
| Defendants. | |
| _____ | |

The court has before it Brandon's Motion for Partial Summary Judgment (doc. 101), the defendants' [hereinafter "the County"] Response, Brandon's Reply, the County's Motion for Summary Judgment (doc. 106), Brandon's Response, the County's Reply, the County's Motion to Strike (doc. 115), Brandon's Response and Motion for Leave to File (doc. 118), the County's Reply, Brandon's Motion to Consolidate (doc. 121), the County's Response and Brandon's Reply.

1   This is an employment action brought by a long time county attorney against the
2   County and its employees alleging federal claims under § 1983 for First Amendment and Due
3   Process violations, and state claims for wrongful discharge and interference with contractual
4   relations. We had earlier dismissed the remaining claims. Order of Sept. 13, 2012 (doc. 49).

5   The facts that matter are not in dispute (although the inferences to be drawn from them
6   certainly are). Brandon was a county attorney for many years. She retired but was hired
7   back as a contract lawyer. She then moved over to a new office the county had created in
8   connection with its dispute with the then elected county attorney. The state courts concluded
9   that the new office was unlawful and the county had to use the county attorney. So, Brandon
10  moved back to the county attorney's office, shortly after which she was fired without a
11  hearing of any kind, before or after the discharge.

12  Brandon claims she was fired because the County was unhappy with a single comment
13  she made to a newspaper in connection with the County's decision to settle a number of
14  cases. The County claims they fired her because of aggressive behavior towards a paralegal.
15  The County also claims she was not entitled to a hearing because she was a probationary
16  employee.

17  From the moment the comment appeared in the paper, the County instructed the
18  county attorney to take Brandon off its cases. Slowly but surely, the county attorney did.
19  When Brandon repeatedly asked a paralegal how she knew about the reassignment of cases
20  the paralegal assaulted Brandon.

21  This is a jury case. There is sufficient evidence from which a jury could find that the
22  reassignment of cases from Brandon and her discharge were animated by the County's
23  reaction to the comment in the paper. There is also evidence from which a jury could find
24  that the paralegal was the aggressor and the discharge based on that event was mere pretext.
25  They need not, of course. Thus, summary judgment is not appropriate on the First
26  Amendment claim.

27  There is also evidence from which a jury could find that Brandon's "probationary"
28  period was form over substance. She had, after all, worked in the county attorney's office

1 longer than most anybody–what more did the County need to know about her work? A jury
2 could find the machinations over the creation of a new office and the application of confusing
3 county employment rules to Brandon to be absurd. If they make that finding, she was
4 entitled to a hearing of some kind. Thus, summary judgment is not appropriate on the Due
5 Process claim.

6 Under A.R.S. § 23-1501(3)(d), a public employee has a claim against an employer for
7 termination of employment if the employee has a right to continued employment under the
8 United States Constitution, state statute or regulation or policy of a political subdivision.
9 Thus, if the jury finds in favor of Brandon on the federal claims, it will be entitled to find in
10 favor of Brandon on the state wrongful termination claim. Thus, summary judgment is not
11 appropriate on the state wrongful termination claim.

12 There is sufficient evidence from which a jury could find that Wilson and Armfield
13 caused Liddy or Irish to terminate Brandon. Thus, for the reasons stated in our Order of
14 Sept. 13, 2012 at 8-9 (doc. 49), summary judgment on the interference with contract claim
15 is not appropriate.

16 The County's Motion to Strike is well taken because Statements of Facts are governed
17 by LRCiv 56.1(a) and (b). No Statement of Fact is allowed on a Reply. Nor do we need one.

18 Brandon seeks consolidation of the case against Irish. The County opposes solely on
19 the basis that Brandon missed the deadline for amending the complaint in 12cv788 to add
20 Irish and is using 13cv1148 as a vehicle to circumvent that. The amended pleading deadline
21 is designed to ensure that late entry into a case by a new party does not adversely affect the
22 existing Rule 16 Scheduling Order. Here, the Case Management Order in 13cv1148 (doc.
23 16), expressly adopts the deadlines in 12cv788, except as to a new dispositive motion
24 deadline for Irish of November 22, 2013. This acknowledges that the cases are the same and
25 that no new discovery is required. The proposed pretrial order deadline is the same (January
26 24, 2014), and thus the final pretrial conference (January 31, 2014) and the firm trial date
27 (February 11, 2014) work for both cases. Indeed, had the parties moved for leave to amend
28 the complaint to add Irish in 12cv788 and represented that the existing Rule 16 Scheduling

1  Order would not have been adversely affected, we would have granted such a motion.
2  Consolidation makes sense under Rule 42, Fed. R. Civ. P.
3      Accordingly, it is ORDERED as follows:
4      DENYING Brandon's Motion for Partial Summary Judgment (doc. 101);
5      DENYING the County's Motion for Summary Judgment (doc. 106);
6      GRANTING the County's Motion to Strike (doc. 115);
7      DENYING Brandon's Motion for leave to file a Controverting Statement (doc. 118);
8      GRANTING Brandon's Motion to Consolidate 13cv1148 with 12cv788 (doc. 121).

10      DATED this 23rd day of October, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

- 4 -