**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Brandon, ) | No. CV-12-0788-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Tom Liddy, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Before the court is plaintiff's motion for attorney's fees and non-taxable expenses (doc. 211), defendants' response (doc. 219), and plaintiff's reply (doc. 220). Following a seven-day trial, the jury returned a verdict in favor of Brandon on two of the four claims presented to the jury. The jury found in favor of Brandon and against Maricopa County on Brandon's claim under 42 U.S.C. § 1983 for violation of Brandon's First Amendment rights and awarded nominal damages of $1.00. The jury also found in favor of Brandon and against Defendants Rocky Armfield and Sandra Wilson on Brandon's state law claim of tortious interference with employment contract and awarded Brandon $638,147.94. The jury found against Brandon on her 14th Amendment and wrongful termination claims based on a protected property interest in her employment.

**I.**

1    Brandon now seeks attorney's fees pursuant to 42 U.S.C. § 1988(b) as the prevailing
2 party on her 42 U.S.C. § 1983 claim. Brandon requests $289,387.50 in attorney's fees and
3 $12,787.78 in non-taxable costs for a total award of $302,175.28. Defendants challenge
4 plaintiff's fee request, arguing that the nominal damages on the First Amendment claim
5 renders the victory on the federal claim "meaningless" and Brandon ineligible for fees.
6 Response at 2. We disagree.

7    A plaintiff who wins only nominal damages on a § 1983 claim is still a prevailing
8 party under § 1988. Farrar v. Hobby, 506 U.S. 103, 112, 113 S. Ct. 566, 573 (1992). A party
9 "prevails" under § 1988 "when actual relief on the merits of his claim materially alters the
10 legal relationship between the parties by modifying the defendant's behavior in a way that
11 directly benefits the plaintiff." Id. at 111-12, 113 S. Ct. at 573. Indeed, a "judgment for
12 damages in any amount, whether compensatory or nominal, modifies the defendant's
13 behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he
14 otherwise would not pay." Id. at 113, 113 S. Ct. at 574. Therefore, "the degree of the
15 plaintiff's success does not affect eligibility for a fee award." Id. at 114, 113 S. Ct. at 574
16 (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 790, 109
17 S. Ct. 1486, 1492 (1989)).

18    However, "the degree of the plaintiff's overall success" is relevant "to the
19 reasonableness of a fee award under Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933,
20 (1983)." Id. at 114, 113 S. Ct. at 574. "[T]he most critical factor in determining the
21 reasonableness of a fee award is the degree of success obtained." Id. Accordingly, "[w]hen
22 a plaintiff recovers only nominal damages because of his failure to prove an essential element
23 of his claim for monetary relief, the only reasonable fee is usually no fee at all." Id. at 115,
24 113 S. Ct. at 575 (citation omitted)

25    In the absence of a meaningful monetary award, Farrer considered other measures of
26 "success," such as "the significance of the legal issue on which the plaintiff claims to have
27 prevailed," and whether the success "accomplished some public goal." Id. at 121, 113 S. Ct.
28 at 578 (O'Connor, J., concurring); Mahach-Watkins v. Depee, 593 F.3d 1054, 1059 (9th Cir.

2010); Wilcox v. City of Reno, 42 F.3d 550, 555 (9th Cir. 1994) (holding that "other tangible results—such as sparking a change in policy . . . will, in combination with an enforceable judgment for a nominal sum, support an award of fees").

But Farrer and the other cases cited by the parties are distinguishable from the instant case because Brandon did not fail to prove an essential element of her claim for monetary relief. On the contrary, she was awarded $638,000 in compensatory damages on her state law claim. Therefore, Brandon's "degree of success obtained" is substantial by any measure.

When viewing the jury's verdicts on the First Amendment and tortious interference claims together, it is apparent that the jury concluded that Wilson and Armfield interfered with Brandon's employment contract because of the statement she made to the press. The jury also concluded that the County (acting through Mark Faull), terminated Brandon's employment because of her protected speech. By assessing the entire damages award against Wilson and Armfield, the jury may have reasonably concluded that Wilson and Armfield, the parties who instigated the chain of events, should shoulder responsibility for the damages.

Where, as here, a plaintiff's successful state law claim and her fee-eligible federal claim are based on a common core of facts and related legal theories, the overall success in the action, as evidenced by a $638,000 damages award, supports a § 1988 fee award. See Jama v. Esmore Correctional Servs., Inc., 577 F.3d 169, 177 (3d Cir. 2009) (holding that plaintiff's substantial award on her pendent state claim distinguishes her case from Farrer). Moreover, in addition to the damages award, the jury's verdict that Brandon was retaliated against because she exercised her First Amendment rights "offers clear and important guidance" to Risk Management, the Maricopa County Attorney's Office, and the County that public employees retain the right to speak out on issues of public concern. See Guy v. City of San Diego, 608 F.3d 582, 590 (9th Cir. 2010) (holding that jury's verdict offered important guidance to the police department regarding the use of excessive force). Therefore, the judgment in this case will not only compensate Brandon for her injuries, but will also serve to encourage speech on matters of public concern, and will help to prevent terminations in violation of the First Amendment.

**II.**

Defendants also challenge the amount of the fee requested, arguing that Brandon's partial success in this litigation entitles her to only a partial reimbursement of fees. Again, we disagree.

In Hensley v. Eckerhart, the Supreme Court found that if successful and unsuccessful claims "involve a common core of facts or [are] based on related legal theories," work done on unsuccessful claims may be included in a fee award. Hensley, 461 U.S. at 435, 103 S. Ct. at 1940. A case will not be viewed as a series of discrete claims when counsel's time is "devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Id. "Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id. "The result is what matters." Id.

The claims in this case arose from the same core set of facts–plaintiff's work was eliminated and her job ultimately terminated because she angered individuals in County government when she made a statement to the press. Brandon's theory of her case was that she was wrongfully terminated in violation of her First Amendment rights, and alternatively in violation of a protected property interest in her employment. Although the jury rejected the alternate theory, plaintiff nevertheless prevailed with respect to all the relief sought. Therefore, we will not differentiate between successful and unsuccessful claims, but instead will look to the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id.

Defendants also argue that plaintiff's fee request is inadequate because the invoice lacks sufficient detail of the services provided to differentiate between distinct claims. Having already determined that the successful and unsuccessful claims are related by a common core of facts, we are not required to differentiate between the claims. In any event, however, counsel's billing records describe the work performed in sufficient detail to establish that the work was reasonably related to the litigation. Lawyers need only "keep

records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to allow." Id. at 441, 103 S. Ct. at 1943. Plaintiff's counsel's time records are sufficiently detailed for our determination of reasonableness.

Plaintiff's counsel expended almost 700 hours at a rate of $400.00 on this litigation. In this complicated case, spanning over 2 years and concluding in a seven-day jury trial, we conclude that the hourly rate and hours claimed are reasonable.

### III.

**IT IS ORDERED GRANTING** plaintiff's motion for attorney's fees and costs (doc. 211) and awarding fees to plaintiff in the amount of $302,175.28.

DATED this 10th day of September, 2014.

_Frederick J. Martone_
Frederick J. Martone
Senior United States District Judge